04-CV-00394-DOCTRM

JMR JURY
CLOSED

U.S. District Court
Southern District of Mississippi (Southern)

CIVIL DOCKET FOR CASE #: 03-CV-937

Nance v. Wyeth, et al
Assigned to: Judge Walter J. Gex, III
Demand: $0,000
Lead Docket: None
Dkt # in Pearl River Circuit : is 2003-0450

Filed: 12/12/03
Jury demand: Both
Nature of Suit: 365
Jurisdiction: Diversity

Cause: 28:1441 Notice of Removal-Product Liability

ROBERT JAMES NANCE
plaintiff

William M. Cunningham, Jr.
[COR LD NTC]
BURNS, CUNNINGHAM, MACKEY &
FILLINGIM, PC
P. O. Box 1583
Mobile, AL 36633
251/432-0612

v.

WYETH
defendant

Donna Brown Jacobs
[COR LD NTC]
Christy D. Jones
[COR LD NTC]
BUTLER, SNOW, O'MARA, STEVENS &
CANNADA
P. O. Box 22567
Jackson, MS 39225-2567
(601) 948-5711

BAYER CORPORATION
defendant

Cynthia Joyce Hall
[COR LD NTC]
WATKINS & EAGER
P. O. Box 650
Jackson, MS 39205-0650
(601) 948-6470

PFIZER, INC.
defendant

C. York Craig, Jr.
[COR LD NTC]
CRAIG, HESTER, LUKE & DODSON,
P.A.
P. O. Box 12005
Jackson, MS 39236-2005
601/957-9918

A TRUE COPY, I HEREBY CERTIFY.
J. T. NOBLIN, CLERK
BY: [signature]
DEPUTY CLERK

WARNER LAMBERT CONSUMER
HEALTHCARE
defendant

| | | |
|---|---|---|
| 12/12/03 | 1 | NOTICE OF REMOVAL by defendant Wyeth with copies of lower court file; FILING FEE $ 150.00; RECEIPT # B020495; Notice of Assignment mailed. (jch) [Entry date 12/12/03] |
| 12/12/03 | 1 | DEMAND FOR JURY TRIAL by plaintiff Robert James Nance (jch) [Entry date 12/12/03] |
| 12/12/03 | -- | Magistrate Judge Assignment (John M. Roper) (jch) [Entry date 12/12/03] |
| 12/12/03 | -- | Case assigned to Pending Track - designation of appropriate track will be made after Case Management Conference and a final track assignment. (jch) [Entry date 12/12/03] |
| 12/12/03 | 2 | Rule 16.1(A) Initial Order; copies mailed (jch) [Entry date 12/12/03] |
| 12/12/03 | -- | Telephonic Case Management Conference: set for 11:00 a.m., on 2/18/04; location: Gulfport, before Magistrate Judge John M. Roper; copies mailed to C. York Craig Jr., Cynthia Joyce Hall, Donna Brown Jacobs, Christy D. Jones, William M. Cunningham Jr. (jch) [Entry date 12/12/03] |
| 12/12/03 | -- | Letter to Clerk, MDL, with docket entries and complaint/notice of removal. Copies to counsel. (jch) [Entry date 12/12/03] |
| 12/16/03 | 3 | ANSWER to Complaint by defendant Bayer Corporation (jch) [Entry date 12/16/03] |
| 12/17/03 | 4 | ANSWER to Complaint by defendant Wyeth; jury demand (jch) [Entry date 12/17/03] |
| 12/22/03 | 5 | Return on lower court summons on Pfizer (avm) [Entry date 12/22/03] |
| 1/23/04 | 6 | Minute Entry Order:, reset Telephone Conference for 3:00 3/29/04 ( signed by Magistrate Judge John M. Roper ) Copies mailed. (jch) [Entry date 01/23/04] |
| 1/28/04 | 7 | MOTION by plaintiff Robert James Nance to Dismiss Pfizer, Inc. (avm) [Entry date 01/28/04] |
| 2/25/04 | 8 | Copy of proposed Transfer Order to WD/Washington (avm) [Entry date 02/25/04] |
| 2/27/04 | 9 | Copy of proposed conditional transfer order received. (avm) [Entry date 02/27/04] |
| 3/3/04 | 10 | Certified copy of CONDITIONAL TRANSFER ORDER: this matter is transferred to WD/Washington and assigned to Judge Barbara Jacobs Rothstein. (Clerk of MDL Panel); copies mailed. (avm) [Entry date 03/04/04] |

3/3/04 -- Case closed (avm) [Entry date 03/04/04]

3/4/04 -- Letter to WD/Washington with court file and certified copy of docket. (avm) [Entry date 03/04/04]

1:03CV937

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

DIRECT REPLY TO:

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

February 18, 2004

Bruce Rifkin, Clerk
215 William Kenzo Nakamura U.S. Courthouse
1010 Fifth Avenue
Seattle, WA 98104-1130

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 27 2004
BY ___ J.T. NOBLIN, CLERK ___ DEPUTY

Re: MDL-1407 -- In re Phenylpropanolamine (PPA) Products Liability Litigation

(See Attached Schedule CTO-41)

Dear Mr. Rifkin:

I am enclosing one certified copy and additional copies of a conditional transfer order filed by the Panel in the actions listed on the attached schedule on February 2, 2004. The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred." As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer if they wish to do so. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By: ______________
Deputy Clerk

Attachments

cc: Transferee Judge: Judge Barbara Jacobs Rothstein
Transferor Judges: (See Attached List of Judges)
Transferor Clerks: (See Attached List of Clerks)

JPML Form 38

9

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 2 2004

FILED
CLERK'S OFFICE

*DOCKET NO. 1407*

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION***

***(SEE ATTACHED SCHEDULE)***

***CONDITIONAL TRANSFER ORDER (CTO-41)***

On August 28, 2001, the Panel transferred eight civil actions to the United States District Court for the Western District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 1,331 additional actions have been transferred to the Western District of Washington. With the consent of that court, all such actions have been assigned to the Honorable Barbara Jacobs Rothstein.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Western District of Washington and assigned to Judge Rothstein.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Western District of Washington for the reasons stated in the order of August 28, 2001, 173 F.Supp.2d 1377 (J.P.M.L. 2001), and, with the consent of that court, assigned to the Honorable Barbara Jacobs Rothstein.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Western District of Washington. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck

Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is pending at this time, the stay is lifted.

FEB 13 2004

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# SCHEDULE CTO-41 - TAG ALONG CASES
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

| DISTRICT | DIV. | CIVIL ACTION# | |
|---|---|---|---|
| CALIFORNIA CENTRAL | | | |
| CAC | 2 | 03-8372 | Valerie Adams v. Wyeth, et al. |
| FLORIDA SOUTHERN | | | |
| FLS | 9 | 03-81131 | Alice Foree v. Thompson Medical Co., Inc. |
| FLS | 9 | 03-81132 | Lisa Hamblin v. Thompson Medical Co., Inc. |
| LOUISIANA WESTERN | | | |
| LAW | 1 | 03-1205 | Robert E. Williams v. American Home Products Corp., et al. |
| MARYLAND | | | |
| MD | 8 | 03-2185 | Luz I. Martinez-Miranda v. Bristol-Myers Squibb Co. |
| MICHIGAN EASTERN | | | |
| MIE | 2 | 03-74495 | Wanda Hill v. Delaco Co., et al. |
| MINNESOTA | | | |
| MN | 0 | 03-6189 | James F. Lewis, et al. v. Wyeth, et al. |
| MN | 0 | 03-6289 | Linda Teixeira v. Chattem, Inc., et al. |
| MN | 0 | 03-6291 | Jocelyn Erbes v. Chattem, Inc., et al. |
| MN | 0 | 03-6332 | Lindean Cleck v. Smithkline Beecham Corp., et al. |
| MN | 0 | 03-6343 | Ronnie Robinson, et al. v. Bayer Corp. |
| MN | 0 | 03-6372 | William Hyde v. Chattem, Inc., et al. |
| MN | 0 | 03-6373 | Earl Campbell v. Chattem, Inc., et al. |
| MN | 0 | 03-6488 | Weylin Daigle v. Delaco Co. |
| MN | 0 | 03-6492 | Roger Masiewicz v. Bayer Corp., et al. |
| MN | 0 | 03-6494 | Allen M. Schaeffer v. Schering-Plough Healthcare Products, Inc. |
| MN | 0 | 03-6495 | Brenda Searle v. Wyeth Consumer Healthcare |
| MN | 0 | 03-6497 | Rita Whatley v. Novartis Corp., et al. |
| MISSISSIPPI NORTHERN | | | |
| MSN | 2 | 03-351 | Tom McClain, etc. v. GlaxoSmithKline |
| MISSISSIPPI SOUTHERN | | | |
| MSS | 1 | 03-931 | Chris Lee Schouest, etc. v. Bristol-Myers Squibb Co., Inc., et al. |
| MSS | 1 | 03-933 | Mabel L. Ford v. Bayer Corp., et al. |
| MSS | 1 | 03-937 | Robert James Nance v. Wyeth, et al. |
| MSS | 3 | 03-1316 | Thelma E. Pendelton v. Chattem, Inc., et al. |
| MSS | 3 | 03-1317 | Dorothyette C. Thomas, etc. v. Novartis Consumer Health, Inc., et al. |
| MSS | 3 | 03-1327 | Johnnie E. Jefferson v. Bayer Corp., et al. |
| MSS | 3 | 03-1328 | Debra Dean Taylor v. Bayer Corp., et al. |
| MSS | 4 | 03-401 | Keva K. Alford, et al. v. Bayer Corp., et al. |
| NORTH CAROLINA EASTERN | | | |
| NCE | 7 | 03-205 | Donald Keith v. Bayer Corp. |
| NORTH CAROLINA MIDDLE | | | |
| NCM | 1 | 03-1052 | Joseph Steele, et al. v. Wyeth, et al. |
| SOUTH CAROLINA | | | |
| SC | 2 | 03-3632 | Edward Boyd v. Block Drug Co., Inc., et al. |
| SC | 5 | 03-3756 | George D. Boozer v. GlaxoSmithKline Consumer Healthcare, LP |

# INVOLVED COUNSEL LIST (CTO-41)
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

Akim Angelo Anastopoulo
Anastopoulo Law Firm
P.O. Box 1525
Charleston, SC 29402

Daniel E. Becnel, Jr.
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, LA 70084-2095

Charles P. Blanchard
Chaffe, McCall, Phillips, Toler & Sarpy
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300

Adrienne S. Blocker
Lewis, Crumley & Daggett, P.A.
1810 Westchester Drive
High Point, NC 27262

Marvin K. Blount, Jr.
Blount Law Firm
P.O. Drawer 58
400 West First Street
Greenville, NC 27834

Neville H. Boschert
Watkins, Ludlam, Winter & Stennis, P.A.
P.O. Box 427
Jackson, MS 39205-0427

Richard O. Burson
Ferris, Burson & Entrekin, PLLC
P.O. Box 1289
Laurel, MS 39441-1289

William C. Cleveland
Buist, Moore, Smythe & McGee
P.O. Box 999
Charleston, SC 29402

John L. Coble
P.O. Drawer 2088
Wilmington, DE 28402

C. York Craig, Jr.
Craig, Hester, Luke & Dodson
P.O. Box 12005
Jackson, MS 39236-2005

William M. Cunningham, Jr.
Burns, Cunningham, Mackey & Fillingim
P.O. Box 1583
Mobile, AL 36633-1583

William M. Dalehite, Jr.
Steen, Dalehite & Pace
P.O. Box 900
Jackson, MS 39205-0900

James R. Dugan II
Gauthier Downing LaBarre Beiser & Dean, et al.
3500 N. Hullen St.
Metairie, LA 70002

David E. Dukes
Nelson, Mullins, Riley & Scarborough, LLP
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211

Richard W. Ellis
Ellis & Winters, LLP
P.O. Box 33550
Raleigh, NC 27636

Michelle M. Fujimoto
Shook, Hardy & Bacon
5 Park Plaza
Suite 1100
Irvine, CA 92614-2546

Ronald S. Goldser
Zimmerman Reed, P.L.L.P.
651 Nicollet Mall
Suite 501
Minneapolis, MN 55402-4123

Clifford M. Greene
Greene Espel Law Office
200 South 6th Street
Suite 1200
Minneapolis, MN 55402-1415

Cynthia Joyce Hall
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Douglas A. Hofmann
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111

Daniel Michael Homolka
Homolka Law Office
80 8th Street, South
Suite 1820
Minneapolis, MN 55402

D. Joseph Hurson
Lane Powell Spears & Lubersky
1420 Fifth Avenue
Suite 4100
Seattle, WA 98101-2338

Donna B. Jacobs
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Keith Donaldson Johnson
Johnson Law Office
247 3rd Avenue, South
Minneapolis, MN 55415

Walter T. Johnson
Watkins & Eager
The Emporium Building
400 East Capitol Street Suite 300
P.O. Box 650
Jackson, MS 39205-0650

Christy D. Jones
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Ronn B. Kreps
Fulbright & Jaworski
80 S 8th Street
Suite 2100
Minneapolis, MN 55402-2112

Daniel Michael Landis
Landis & Mellinger
980 North Federal Highway
Suite 302
Boca Raton, FL 33432

C. Crews Townsend
Miller & Martin
Volunteer Building, Suite 1000
832 Georgia Avenue
Chattanooga, TN 37402

Linda D. Turek
Sachs, Waldman
1000 Farmer Street
Detroit, MI 48226

C. Andrew Waters
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Leila H. Watson
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue
Suite 200
Birmingham, AL 35205

Alan M. Winchester
Harris Beach, LLP
805 Third Avenue
New York, NY 10022

Randolph C. Wood
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

**INVOLVED JUDGES LIST (CTO-41)**
**DOCKET NO. 1407**
**IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION**

Hon. William H. Barbour, Jr.
U.S. District Judge
430 James O. Eastland U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

Hon. James A. Beatty, Jr.
U.S. District Judge
248 Hiram H. Ward Federal Building
251 N. Main Street
Winston-Salem, NC 27101

Hon. Deborah K. Chasanow
U.S. District Judge
6500 Cherrywood Lane
Room 465A
Greenbelt, MD 20770

Hon. Florence-Marie Cooper
U.S. District Judge
760 Edward R. Roybal Federal
Building & Courthouse
255 East Temple Street
Los Angeles, CA 90012

Hon. Michael J. Davis
U.S. District Judge
14E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Dee D. Drell
U.S. District Judge
P.O. Box 1071
Alexandria, LA 71309

Hon. Joan N. Ericksen
U.S. District Judge
Warren E. Burger Federal Building
316 North Robert Street
St. Paul, MN 55101

Hon. James C. Fox
Senior U.S. District Judge
U.S. District Court
P.O. Box 2143
Wilmington, NC 28402

Hon. Donovan W. Frank
U.S. District Judge
738 Warren E. Burger Federal Bldg.
316 North Roberts Street
St. Paul, MN 55101

Hon. Walter J. Gex, III
U.S. District Judge
238 Federal Building
725 Martin Luther King, Jr.
Boulevard
Biloxi, MS 39530

Hon. Louis Guirola, Jr.
U.S. Magistrate Judge
United States District Court
672 Dan M. Russell, Jr. U.S. Courthouse
2012 15th Street
Gulfport, MS 39501

Hon. Daniel T.K. Hurley
U.S. District Judge
352 Paul G. Rogers Federal Building
& U.S Courthouse
701 Clematis Street
W. Palm Beach, FL 33401-5196

Hon. Richard H. Kyle
U.S. District Judge
760 Warren E. Burger Federal Bldg.
316 N. Robert Street
St. Paul, MN 55101

Hon. Tom S. Lee
U.S. District Judge
110 James O. Eastland U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

Hon. Paul A. Magnuson
Senior U.S. District Judge
730 Warren E. Burger Federal Bldg.
316 North Robert Street
St. Paul, MN 55101

Hon. Michael P. Mills
U.S. District Judge
355 Federal Bldg. & U.S. Courthouse
911 Jackson Avenue, West
Oxford, MS 38655

Hon. Ann D. Montgomery
U.S. District Judge
13W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. John M. Roper
U.S. Magistrate Judge
Federal Courthouse Building
Suite 150
725 Washington Loop
Biloxi, MS 39530

Hon. James M. Rosenbaum
Chief Judge, U.S. District Court
15E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Kenneth L. Ryskamp
Senior U.S. District Judge
416 Federal Building
701 Clematis Street
West Palm Beach, FL 33401

Hon. Joseph F. Anderson, Jr.
Chief Judge
United States District Court
Post Office Box 447
Columbia, SC 29202-0447

Hon. George E. Woods
Senior U.S. District Judge
277 Theodore Levin U.S. Courthouse
331 West Lafayette Street
Detroit, MI 48226

**INVOLVED CLERKS LIST (CTO-41)**
**DOCKET NO. 1407**
**IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION**

Arlen B. Coyle, Clerk
369 Federal Building & U.S. Courthouse
911 Jackson Avenue East
Oxford, MS 38655-3622

Clarence Maddox, Clerk
Federal Courthouse Square
301 North Miami Avenue
Miami, FL 33128

David J. Weaver, Clerk
814 Theodore Levin U.S. Courthouse
231 West Lafayette Boulevard
Detroit, MI 48226

David W. Daniel, Clerk
U.S. District Court
P.O. Box 25670
Raleigh, NC 27611

Felicia C. Cannon, Clerk
U.S. Courthouse, 2nd Floor
6500 Cherrywood Lane
Greenbelt, MD 20770-1285

J.T. Noblin, Clerk
243 Federal Building
725 Martin Luther King, Jr. Blvd.
Biloxi, MS 39530

J.T. Noblin, Clerk
316 James O. Eastland U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

John Brubaker, Clerk
P.O. Box 2708
Greensboro, NC 27402-2708

Larry W. Propes, Clerk
P.O. Box 835
Charleston, SC 29402-9835

Larry W. Propes, Clerk
Strom Thurmond Federal
Courthouse
1845 Assembly Street
Columbia, SC 29201-2431

Richard Sletten, Clerk
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Robert H. Shemwell, Clerk
P.O. Box 1269
Alexandria, LA 71309-1269

Sherri R. Carter, Clerk
G-8 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FEB 23 2004

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

DIRECT REPLY TO:

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

February 18, 2004

Bruce Rifkin, Clerk
215 William Kenzo Nakamura U.S. Courthouse
1010 Fifth Avenue
Seattle, WA 98104-1130

Re: MDL-1407 -- In re Phenylpropanolamine (PPA) Products Liability Litigation

(See Attached Schedule CTO-41)

Dear Mr. Rifkin:

I am enclosing one certified copy and additional copies of a conditional transfer order filed by the Panel in the actions listed on the attached schedule on February 2, 2004. The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred." As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer if they wish to do so. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By [signature]
Deputy Clerk

Attachments

cc: Transferee Judge: Judge Barbara Jacobs Rothstein
Transferor Judges: (See Attached List of Judges)
Transferor Clerks: (See Attached List of Clerks)

JPML Form 38

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 2 2004

FILED
CLERK'S OFFICE

***DOCKET NO. 1407***

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION***

1:03cv937

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 25 2004
BY ___ NOBLIN, CLERK ___ DEPUTY

***(SEE ATTACHED SCHEDULE)***

***CONDITIONAL TRANSFER ORDER (CTO-41)***

On August 28, 2001, the Panel transferred eight civil actions to the United States District Court for the Western District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 1,331 additional actions have been transferred to the Western District of Washington. With the consent of that court, all such actions have been assigned to the Honorable Barbara Jacobs Rothstein.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Western District of Washington and assigned to Judge Rothstein.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Western District of Washington for the reasons stated in the order of August 28, 2001, 173 F.Supp.2d 1377 (J.P.M.L. 2001), and, with the consent of that court, assigned to the Honorable Barbara Jacobs Rothstein.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Western District of Washington. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck

Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is pending at this time, the stay is lifted.

FEB 18 2004

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

8

# SCHEDULE CTO-41 - TAG ALONG CASES
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

| DISTRICT | DIV. | CIVIL ACTION# | |
|---|---|---|---|
| CALIFORNIA CENTRAL | | | |
| CAC | 2 | 03-8372 | Valerie Adams v. Wyeth, et al. |
| FLORIDA SOUTHERN | | | |
| FLS | 9 | 03-81131 | Alice Foree v. Thompson Medical Co., Inc. |
| FLS | 9 | 03-81132 | Lisa Hamblin v. Thompson Medical Co., Inc. |
| LOUISIANA WESTERN | | | |
| LAW | 1 | 03-1205 | Robert E. Williams v. American Home Products Corp., et al. |
| MARYLAND | | | |
| MD | 8 | 03-2185 | Luz J. Martinez-Miranda v. Bristol-Myers Squibb Co. |
| MICHIGAN EASTERN | | | |
| MIE | 2 | 03-74495 | Wanda Hill v. Delaco Co., et al. |
| MINNESOTA | | | |
| MN | 0 | 03-6189 | James F. Lewis, et al. v. Wyeth, et al. |
| MN | 0 | 03-6289 | Linda Teixeira v. Chattem, Inc., et al. |
| MN | 0 | 03-6291 | Jocelyn Erbes v. Chattem, Inc., et al. |
| MN | 0 | 03-6332 | Lindean Cleck v. Smithkline Beecham Corp., et al. |
| MN | 0 | 03-6343 | Ronnie Robinson, et al. v. Bayer Corp. |
| MN | 0 | 03-6372 | William Hyde v. Chattem, Inc., et al. |
| MN | 0 | 03-6373 | Earl Campbell v. Chattem, Inc., et al. |
| MN | 0 | 03-6488 | Weylin Daigle v. Delaco Co. |
| MN | 0 | 03-6492 | Roger Masiewicz v. Bayer Corp., et al. |
| MN | 0 | 03-6494 | Allen M. Schaeffer v. Schering-Plough Healthcare Products, Inc. |
| MN | 0 | 03-6495 | Brenda Searle v. Wyeth Consumer Healthcare |
| MN | 0 | 03-6497 | Rita Whatley v. Novartis Corp., et al. |
| MISSISSIPPI NORTHERN | | | |
| MSN | 2 | 03-351 | Tom McClain, etc. v. GlaxoSmithKline |
| MISSISSIPPI SOUTHERN | | | |
| MSS | 1 | 03-931 | Chris Lee Schouest, etc. v. Bristol-Myers Squibb Co., Inc., et al. |
| MSS | 1 | 03-933 | Mabel L. Ford v. Bayer Corp., et al. |
| MSS | 1 | 03-937 | Robert James Nance v. Wyeth, et al. |
| MSS | 3 | 03-1316 | Thelma E. Pendelton v. Chattem, Inc., et al. |
| MSS | 3 | 03-1317 | Dorothyette C. Thomas, etc. v. Novartis Consumer Health, Inc., et al. |
| MSS | 3 | 03-1327 | Johnnie E. Jefferson v. Bayer Corp., et al. |
| MSS | 3 | 03-1328 | Debra Dean Taylor v. Bayer Corp., et al. |
| MSS | 4 | 03-401 | Keva K. Alford, et al. v. Bayer Corp., et al. |
| NORTH CAROLINA EASTERN | | | |
| NCE | 7 | 03-205 | Donald Keith v. Bayer Corp. |
| NORTH CAROLINA MIDDLE | | | |
| NCM | 1 | 03-1052 | Joseph Steele, et al. v. Wyeth, et al. |
| SOUTH CAROLINA | | | |
| SC | 2 | 03-3632 | Edward Boyd v. Block Drug Co., Inc., et al. |
| SC | 5 | 03-3756 | George D. Boozer v. GlaxoSmithKline Consumer Healthcare, LP |

# INVOLVED COUNSEL LIST (CTO-41)
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

Akim Angelo Anastopoulo
Anastopoulo Law Firm
P.O. Box 1525
Charleston, SC 29402

Daniel E. Becnel, Jr.
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, LA 70084-2095

Charles P. Blanchard
Chaffe, McCall, Phillips, Toler & Sarpy
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300

Adrienne S. Blocker
Lewis, Crumley & Daggett, P.A.
1810 Westchester Drive
High Point, NC 27262

Marvin K. Blount, Jr.
Blount Law Firm
P.O. Drawer 58
400 West First Street
Greenville, NC 27834

Neville H. Boschert
Watkins, Ludlam, Winter & Stennis, P.A.
P.O. Box 427
Jackson, MS 39205-0427

Richard O. Burson
Ferris, Burson & Entrekin, PLLC
P.O. Box 1289
Laurel, MS 39441-1289

William C. Cleveland
Buist, Moore, Smythe & McGee
P.O. Box 999
Charleston, SC 29402

John L. Coble
P.O. Drawer 2088
Wilmington, DE 28402

C. York Craig, Jr.
Craig, Hester, Luke & Dodson
P.O. Box 12005
Jackson, MS 39236-2005

William M. Cunningham, Jr.
Burns, Cunningham, Mackey & Fillingim
P.O. Box 1583
Mobile, AL 36633-1583

William M. Dalehite, Jr.
Steen, Dalehite & Pace
P.O. Box 900
Jackson, MS 39205-0900

James R. Dugan II
Gauthier Downing LaBarre Beiser & Dean, et al.
3500 N. Hullen St.
Metairie, LA 70002

David E. Dukes
Nelson, Mullins, Riley & Scarborough, LLP
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211

Richard W. Ellis
Ellis & Winters, LLP
P.O. Box 33550
Raleigh, NC 27636

Michelle M. Fujimoto
Shook, Hardy & Bacon
5 Park Plaza
Suite 1100
Irvine, CA 92614-2546

Ronald S. Goldser
Zimmerman Reed, P.L.L.P.
651 Nicollet Mall
Suite 501
Minneapolis, MN 55402-4123

Clifford M. Greene
Greene Espel Law Office
200 South 6th Street
Suite 1200
Minneapolis, MN 55402-1415

Cynthia Joyce Hall
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Douglas A. Hofmann
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111

Daniel Michael Homolka
Homolka Law Office
80 8th Street, South
Suite 1820
Minneapolis, MN 55402

D. Joseph Hurson
Lane Powell Spears & Lubersky
1420 Fifth Avenue
Suite 4100
Seattle, WA 98101-2338

Donna B. Jacobs
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Keith Donaldson Johnson
Johnson Law Office
247 3rd Avenue, South
Minneapolis, MN 55415

Walter T. Johnson
Watkins & Eager
The Emporium Building
400 East Capitol Street Suite 300
P.O. Box 650
Jackson, MS 39205-0650

Christy D. Jones
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Ronn B. Kreps
Fulbright & Jaworski
80 S 8th Street
Suite 2100
Minneapolis, MN 55402-2112

Daniel Michael Landis
Landis & Mellinger
980 North Federal Highway
Suite 302
Boca Raton, FL 33432

C. Crews Townsend
Miller & Martin
Volunteer Building, Suite 1000
832 Georgia Avenue
Chattanooga, TN 37402

Linda D. Turek
Sachs, Waldman
1000 Farmer Street
Detroit, MI 48226

C. Andrew Waters
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Leila H. Watson
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue
Suite 200
Birmingham, AL 35205

Alan M. Winchester
Harris Beach, LLP
805 Third Avenue
New York, NY 10022

Randolph C. Wood
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

**INVOLVED JUDGES LIST (CTO-41)**
**DOCKET NO. 1407**
**IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION**

Hon. William H. Barbour, Jr.
U.S. District Judge
430 James O. Eastland U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

Hon. James A. Beatty, Jr.
U.S. District Judge
248 Hiram H. Ward Federal Building
251 N. Main Street
Winston-Salem, NC 27101

Hon. Deborah K. Chasanow
U.S. District Judge
6500 Cherrywood Lane
Room 465A
Greenbelt, MD 20770

Hon. Florence-Marie Cooper
U.S. District Judge
760 Edward R. Roybal Federal
Building & Courthouse
255 East Temple Street
Los Angeles, CA 90012

Hon. Michael J. Davis
U.S. District Judge
14E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Dee D. Drell
U.S. District Judge
P.O. Box 1071
Alexandria, LA 71309

Hon. Joan N. Ericksen
U.S. District Judge
Warren E. Burger Federal Building
316 North Robert Street
St. Paul, MN 55101

Hon. James C. Fox
Senior U.S. District Judge
U.S. District Court
P.O. Box 2143
Wilmington, NC 28402

Hon. Donovan W. Frank
U.S. District Judge
738 Warren E. Burger Federal Bldg.
316 North Roberts Street
St. Paul, MN 55101

Hon. Walter J. Gex, III
U.S. District Judge
238 Federal Building
725 Martin Luther King, Jr.
Boulevard
Biloxi, MS 39530

Hon. Louis Guirola, Jr.
U.S. Magistrate Judge
United States District Court
672 Dan M. Russell, Jr. U.S. Courthouse
2012 15th Street
Gulfport, MS 39501

Hon. Daniel T.K. Hurley
U.S. District Judge
352 Paul G. Rogers Federal Building
& U.S Courthouse
701 Clematis Street
W. Palm Beach, FL 33401-5196

Hon. Richard H. Kyle
U.S. District Judge
760 Warren E. Burger Federal Bldg.
316 N. Robert Street
St. Paul, MN 55101

Hon. Tom S. Lee
U.S. District Judge
110 James O. Eastland U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

Hon. Paul A. Magnuson
Senior U.S. District Judge
730 Warren E. Burger Federal Bldg.
316 North Robert Street
St. Paul, MN 55101

Hon. Michael P. Mills
U.S. District Judge
355 Federal Bldg. & U.S. Courthouse
911 Jackson Avenue, West
Oxford, MS 38655

Hon. Ann D. Montgomery
U.S. District Judge
13W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. John M. Roper
U.S. Magistrate Judge
Federal Courthouse Building
Suite 150
725 Washington Loop
Biloxi, MS 39530

Hon. James M. Rosenbaum
Chief Judge, U.S. District Court
15E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Kenneth L. Ryskamp
Senior U.S. District Judge
416 Federal Building
701 Clematis Street
West Palm Beach, FL 33401

Hon. Joseph F. Anderson, Jr.
Chief Judge
United States District Court
Post Office Box 447
Columbia, SC 29202-0447

Hon. George E. Woods
Senior U.S. District Judge
277 Theodore Levin U.S. Courthouse
331 West Lafayette Street
Detroit, MI 48226

# INVOLVED CLERKS LIST (CTO-41)
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

Arlen B. Coyle, Clerk
369 Federal Building & U.S. Courthouse
911 Jackson Avenue East
Oxford, MS 38655-3622

Clarence Maddox, Clerk
Federal Courthouse Square
301 North Miami Avenue
Miami, FL 33128

David J. Weaver, Clerk
814 Theodore Levin U.S. Courthouse
231 West Lafayette Boulevard
Detroit, MI 48226

David W. Daniel, Clerk
U.S. District Court
P.O. Box 25670
Raleigh, NC 27611

Felicia C. Cannon, Clerk
U.S. Courthouse, 2nd Floor
6500 Cherrywood Lane
Greenbelt, MD 20770-1285

J.T. Noblin, Clerk
243 Federal Building
725 Martin Luther King, Jr. Blvd.
Biloxi, MS 39530

J.T. Noblin, Clerk
316 James O. Eastland U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

John Brubaker, Clerk
P.O. Box 2708
Greensboro, NC 27402-2708

Larry W. Propes, Clerk
P.O. Box 835
Charleston, SC 29402-9835

Larry W. Propes, Clerk
Strom Thurmond Federal
Courthouse
1845 Assembly Street
Columbia, SC 29201-2431

Richard Sletten, Clerk
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Robert H. Shemwell, Clerk
P.O. Box 1269
Alexandria, LA 71309-1269

Sherri R. Carter, Clerk
G-8 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,**
**SOUTHERN DIVISION**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 2 8 2004
BY ___ CLERK ___ DEPUTY

**ROBERT JAMES NANCE,**

**Plaintiff,**

**vs.** **CASE NO.: 1:03cv937GRo**

**WYETH, et al.**

**Defendants.**

**MOTION TO DISMISS DEFENDANT PFIZER, INC.**

COMES NOW Plaintiff ROBERT JAMES NANCE, by and through undersigned counsel and moves this Court pursuant to Rule 41(a) *Federal Rules of Civil Procedure* to dismiss the Defendant Pfizer, Inc., from the above-styled cause. The Defendant Pfizer, Inc. has not filed an Answer or a Motion for Summary Judgment. Attached hereto is a proposed order for the Court's consideration.

RESPECTFULLY SUBMITTED,

Counsel for Plaintiff Robert James Nance
WILLIAM M. CUNNINGHAM, JR. (CUNNW0164)
BURNS, CUNNINGHAM, MACKEY & FILLINGIM PC
P.O. Box 1583
Mobile, Alabama 36633
(251) 432-0612

7

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 21st day of January, 2004, served a true and correct copy of the foregoing on below-listed counsel of record in this proceeding, by United States mail, properly addressed and first class postage prepaid.

Donna B. Jacobs, Esq.
Butler, Snow, O'Mara,
Stevens & Cannada
P.O. Box 22567
Jackson, Mississippi 39225

C. Joyce Hall, Esq.
Watkins & Eager, P.L.L.C.
P.O. Box 650
Jackson, Mississippi 39205

York Craig, Esq.
Craig, Hester, Luke & Dodson
404 Fontaine Place, Suite 101
Ridgeland, Mississippi 39157

Counsel for Plaintiff Robert James Nance
WILLIAM M. CUNNINGHAM, JR. (CUNNW0164)
BURNS, CUNNINGHAM, MACKEY & FILLINGIM PC
P.O. Box 1583
Mobile, Alabama 36633
(251) 432-0612

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 23 2004
J.T. NOBLIN, CLERK
By ______ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MINUTE ENTRY ORDER

FORM #3A

DOCKET #: 1:03cv937GRo

SHORT TITLE: Nance vs. Wyeth

JUDGE: Roper

DOCUMENT NO.:

Type Motion: Ore Tenus X

Written ____

By Pltf ____

Deft ____

Ct X

**Motion:**

**Decision:** The telephonic case management conference has been rescheduled from 2/18/04 at 11:00 am to 3/29/04 at 3:00 pm.

ORDERED THIS THE 23rd DAY OF January, 2004.

UNITED STATES MAGISTRATE JUDGE

IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

ROBERT JAMES NANCE,

Plaintiff, 1:03cv937

vs. CASE NO.: 2003-0450

WYETH; BAYER CORPORATION;
ET. AL.,

Defendants,

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 2 2 2003
BY ____ DEPUTY

SUMMONS

TO: Pfizer, Inc.,
Warner Lambert Consumer Healthcare
201 Tabor Road
Morris Plains, NJ 07950

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.

You are required to mail or hand-deliver a copy of a written Answer either admitting or denying each allegation in the Complaint to William M. Cunningham, Jr., the Attorney for the Plaintiff(s), whose address is Burns, Cunningham, Mackey & Fillingim, P.C., Post Office Box 1583, Mobile, Alabama 36633.

This answer must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default may be entered against you for the

... of this Court within a

... 2003.

... D.C.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Pfizer, Inc.,
Warner Lambert Consumer Healthcare
201 Tabor Rd
Morris Plains, NJ 07950

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X R Gesualdo ☐ Agent ☐ Addressee

B. Received by (Printed Name) R. Gesualdo C. Date of Delivery DEC 1 6 2003

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt ~~for Merchandise~~
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7003 0500 0001 1738 9709

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1035

5

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 17 2003
J.T. NOBLIN, CLERK
By ________ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

Robert James Nance, Plaintiff,

v. Civil Action No. 1:03cv00937 GRo

Wyeth; Bayer Corporation; Pfizer, Inc.; Warner Lambert Consumer Healthcare; A through G, being those unknown individuals, partnerships, corporations, or other entities whether singular or plural who or which designed, tested, manufactured, marketed, advertised, distributed, and/or sold drug(s) which contained PPA and was ingested by the plaintiff on the occasions made the basis of this suit; H through N, being those unknown individuals, partnerships, corporations, or other entities who provided consulting services about the use of PPA in products designed, tested, manufactured, marketed, advertised, distributed, and/or sold by other defendants in this action; O through R, being those unknown individuals, partnerships, corporations, or other entities which provided recommendations for the designers, testers, manufacturers, advertisers, distributors and/or sellers of drug(s) which contained PPA and was ingested by the plaintiff on the occasions made the basis of this suit; S through V, being those unknown individuals, partnerships, corporations, or other entities whether singular or plural who provided design criteria, testing services, manufacturing criteria, advertising services, distributing services, and/or sales services for the designers, testers, manufacturers, advertisers, distributors and/or sellers of drug(s) which contained PPA and was ingested by the plaintiff on the occasions made the basis of this suit; W through EE being those unknown individuals, partnerships, corporations, or other entities whether singular or plural and/or those entities or entity on whose behalf or whose benefit the named fictitious party Defendant or Defendants were acting on the occasions made the basis of this suit and/or those entities or entity who or which injured or contributed to the injuries of the Plaintiff. Plaintiff avers that the identity of the fictitious party Defendants are otherwise unknown to the Plaintiff at the time but whose identities will be added by amendment hereto when that information is ascertained, Defendants.

**ANSWER OF WYETH**

Wyeth submits the following Answer and Defenses to plaintiff's Complaint in this case:

**FIRST DEFENSE**

The Complaint fails to state a claim against Wyeth upon which relief can be granted.

**SECOND DEFENSE-ANSWER**

Wyeth responds to the allegations in the Complaint, paragraph by paragraph, as follows. All allegations of the Complaint not expressly and specifically admitted are hereby denied.

**PARTIES**

1. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the "Parties" section of the Complaint and denies them on that basis.

2. Wyeth admits that it is a corporation with its principal place of business at 5 Giralda Farms in Madison, New Jersey. Wyeth further admits that it, through its divisions and subsidiaries, promoted, manufactured, and distributed various products, some of which contained the decongestant phenylpropanolamine ("PPA") as an active ingredient prior to November 6, 2000. Wyeth further admits that it, through its division and subsidiaries, marketed, promoted, and sold formulations of certain products containing PPA throughout the United States, including in the state of Mississippi, prior to November 6, 2000. Wyeth denies the remaining allegations of paragraph 2 of the "Parties" section of the Complaint.

3. Wyeth admits, on information and belief, that Bayer Corporation is a corporation with its principal place of business in Pennsylvania. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the "Parties" section of the Complaint and denies them on that basis.

4. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the "Parties" section of the Complaint and denies them on that basis.

5. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the "Parties" section of the Complaint, including subparts, and on that basis denies those allegations, including all subparts.

6. The allegations contained in paragraph 6 of the "Parties" section of the Complaint require no response by Wyeth. To the extent a response is required, they are denied.

**FACTUAL ALLEGATIONS**

1. Responding to paragraph 1 of the "Factual Allegations" section of the Complaint,[1] Wyeth admits that it, through its divisions and subsidiaries, designed, tested, manufactured, marketed, advertised, distributed and/or sold non-prescription pharmaceutical products, including Dimetapp products, some formulations of which contained phenylpropanolamine ("PPA") as an active ingredient prior to November 6, 2000. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other parties and denies them on that basis. Wyeth denies any remaining allegations contained in paragraph 1 of the Complaint.

2. Responding to the first and second sentences of paragraph 2 of the Complaint, Wyeth admits only that anecdotal cases regarding the use of PPA have been reported from time-to-time in individuals who have widely varying medication histories and who have used a wide variety and combination of prescription and over the counter ("OTC") medications and other substances. Wyeth denies that any explicit or implied characterization of such anecdotal case reports is correct. Wyeth further states that the labeling, packaging, and advertising for its products speak for themselves. Wyeth denies all remaining allegations contained in paragraph 2 of the Complaint.

---

[1] Beginning with paragraph 1 of the "Factual Allegations" section of the Complaint, plaintiff continues the paragraph numbering sequentially until restarting the numbering section for each Count of the Complaint. Responses for the allegations beginning here will simply be referred to by their paragraph number.

3. Wyeth admits only that anecdotal cases regarding the use of PPA have been reported from time-to-time in individuals who have widely varying medical histories and who have used a wide variety and combination of prescription and OTC medications and other substances. Wyeth denies that any explicit or implied characterization of such anecdotal case reports is correct. Wyeth denies any remaining allegations contained in paragraph 3 of the Complaint.

4. Wyeth admits only that anecdotal cases regarding the use of PPA have been reported from time-to-time in individuals who have widely varying medical histories and who have used a wide variety and combination of prescription and OTC medications and other substances. Wyeth denies that any explicit or implied characterization of such anecdotal case reports is correct. Wyeth denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Wyeth admits that, in March of 1993, the Food and Drug Administration ("FDA") issued a letter to the Nonprescription Drug Manufacturers Association ("NDMA"), but denies the characterization of that letter set forth in paragraph 5 of the Complaint. Wyeth also admits that in 1992 the Hemorrhagic Stroke Project ("HSP") was proposed to the FDA by the NDMA. Wyeth further admits that the study became known as the Yale Hemorrhagic Stroke Project. Wyeth also admits that, prior to November 6, 2000, while the HSP was ongoing, it, through its divisions and subsidiaries, sold various products which contained PPA as an active ingredient. Wyeth denies any remaining allegations contained in paragraph 5 of the Complaint.

6. Wyeth admits that the Final Report of the HSP was submitted to the FDA by the HSP investigators during May 2000. Wyeth further admits that certain of its employees received some partial, preliminary information regarding the HSP before the Final Report of the HSP was received by the FDA in May 2000. Wyeth further admits that it was aware the HSP

was being conducted before the Final Report was received by the FDA in May 2000. Wyeth denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Wyeth admits only that on November 6, 2000 summaries of the HSP appeared in the popular press, and that certain results of the Yale Hemorrhagic Stroke Project were published in the New England Journal of Medicine during December 2000. The contents of the referenced article in the New England Journal of Medicine speak for themselves, and Wyeth denies the characterization of that article as set forth in paragraph 7 of the Complaint, or its attempt to characterize or summarize the views of its authors. Wyeth denies any and all remaining allegations contained in paragraph 7 of the Complaint.

8. Wyeth admits only that anecdotal cases regarding the use of PPA have been reported from time to time in individuals who have widely varying medical histories and who have used a wide variety and combination of prescription and OTC medications and other substances. Wyeth denies that any explicit or implied characterization of such anecdotal case reports is correct. Wyeth denies any remaining allegations of paragraph 8 of the Complaint.

9. Wyeth denies the allegations contained in paragraph 9 of the Complaint.

10. Wyeth admits only that it, through its divisions and subsidiaries, manufactured, marketed, advertised, distributed, and sold products, including Dimetapp products, some formulations of which contained PPA prior to November 6, 2000. The labeling and packaging for Wyeth's products speak for themselves and contained all necessary and appropriate warnings and/or precautions. Wyeth denies all remaining allegations contained in paragraph 10 of the Complaint.

11. Wyeth states that the labeling and packaging for its products speak for themselves and contained all necessary and appropriate warnings and/or precautions. Wyeth denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint concerning the alleged knowledge or beliefs of the general public and denies them on that basis. Wyeth denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Wyeth denies the allegations contained in paragraph 13 of the Complaint.

14. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint concerning plaintiff's alleged purchase and consumption of various products or alleged reliance and denies them on that basis. Wyeth denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint concerning plaintiff's alleged consumption of various products and alleged medical condition and denies them on that basis. Wyeth denies that its products caused or contributed to plaintiff's alleged injury. Wyeth denies any remaining allegations of paragraph 15 of the Complaint.

16. Wyeth denies that it concealed information regarding its products. Wyeth denies the remaining allegations contained in paragraph 16 of the Complaint.

COUNT I
ALLEGED STRICT LIABILITY

17. Wyeth incorporates by reference its responses to paragraphs 1-16 of the Complaint as its response to paragraph 17 of the Complaint.

18. Wyeth denies the allegations of paragraph 18 of the Complaint.

19. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 19 of the Complaint and denies them on that basis. Wyeth denies the remaining allegations of paragraph 19 of the Complaint.

20. Wyeth admits only that it intended for its products to be used in accordance with their packaging and labeling. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and denies them on that basis.

21. Wyeth denies the allegations of paragraph 21 of the Complaint.

22. Wyeth denies the allegations of paragraph 22 of the Complaint.

23. Wyeth denies the allegations of paragraph 23 of the Complaint.

24. Wyeth denies the allegations of paragraph 24 of the Complaint. Further, Wyeth denies the allegations in the unnumbered paragraph following paragraph 24 of the Complaint beginning "WHEREFORE …."

## COUNT TWO
## ALLEGED BREACH OF EXPRESS AND IMPLIED WARRANTIES

25. Wyeth incorporates by reference its responses to each and every paragraph of the Complaint into this paragraph as its response to paragraph 25 of the Complaint.

26. Wyeth states that the packaging and labeling for its products speak for themselves. Wyeth also states that it gave only such warranties, if any, as are required by law. Wyeth denies all remaining allegations of paragraph 26 of the Complaint.

27. Wyeth denies the allegations of paragraph 27 of the Complaint.

28. Wyeth denies the allegations of paragraph 28 of the Complaint. Further, Wyeth denies the allegations in the unnumbered paragraph following paragraph 28 of the Complaint beginning "WHEREFORE …."

## COUNT THREE
## ALLEGED NEGLIGENCE

29. Wyeth incorporates by reference its responses to each and every paragraph of the Complaint into this paragraph as its response to paragraph 29 of the Complaint.

30. The first two sentences of paragraph 30 of the Complaint are statements of law that require no response from Wyeth. To the extent a response is required, Wyeth states that it had only such duties with respect to its products as are imposed by law and that it fulfilled all such duties. Wyeth denies all remaining allegations of paragraph 30 of the Complaint.

31. Wyeth denies the allegations of paragraph 31 of the Complaint. Further, Wyeth denies the allegations in the unnumbered paragraph following paragraph 31 of the Complaint beginning "WHEREFORE …."

COUNT FOUR
ALLEGED WANTONNESS

32. Wyeth incorporates by reference its responses to each and every paragraph of the Complaint into this paragraph as its response to paragraph 32 of the Complaint.

33. Wyeth incorporates by reference its responses to the paragraphs contained in Count Three of the Complaint into this paragraph as its response to paragraph 33 of the Complaint. Further, Wyeth denies the allegations in the unnumbered paragraph following paragraph 33 of the Complaint beginning "WHEREFORE …."

COUNT FIVE
ALLEGED FRAUDULENT MISREPRESENTATION;
SUPPRESSION; CONCEALMENT; AND DECEIT

34. Wyeth incorporates by reference its responses to each and every paragraph of the Complaint into this paragraph as its response to paragraph 34 of the Complaint.

35. Wyeth denies the allegations of paragraph 35 of the Complaint.

36. Wyeth denies the allegations of paragraph 36 of the Complaint.

37. Wyeth admits that it conducted sales and marketing campaigns to promote the sale of its Dimetapp products. Wyeth denies the remaining allegations of paragraph 37 of the Complaint.

38. Wyeth denies the allegations of paragraph 38 of the Complaint.

39. Wyeth denies the allegations of paragraph 39 of the Complaint. Further, Wyeth denies the allegations in the unnumbered paragraph following paragraph 39 of the Complaint beginning "WHEREFORE ...."

**THIRD DEFENSE**

At all times material hereto, Wyeth's conduct with respect to its products conformed to the state of the art.

**FOURTH DEFENSE**

To the extent that plaintiff's alleged reactions to Wyeth's products were idiosyncratic reactions, Wyeth denies any liability.

**FIFTH DEFENSE**

The injuries to plaintiff, if any, were caused in whole or in part by the acts or omissions of others for whose conduct Wyeth is not responsible.

**SIXTH DEFENSE**

The injuries to plaintiff, if any, were the result of intervening or superseding causes over which Wyeth had no control.

**SEVENTH DEFENSE**

Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Wyeth's products.

**EIGHTH DEFENSE**

To the extent plaintiff ingested Wyeth's products, which is denied for lack of knowledge or information, plaintiff's alleged injuries/damages, if any, were the result of misuse of those products.

NINTH DEFENSE

If Wyeth is found to have made any warranties alleged by plaintiff, which Wyeth specifically denies, plaintiff's claims for breach of warranty, both expressed and/or implied, are barred by plaintiff's failure to give notice as required by Miss. Code Ann. § 75-2-607 (1972).

TENTH DEFENSE

Some or all of the damages alleged by plaintiff are barred by Miss. Code Ann. § 75-2-714, 715 (1972).

ELEVENTH DEFENSE

Wyeth provided adequate and complete warnings to plaintiff; therefore, the product was not defective or unreasonably dangerous.

TWELFTH DEFENSE

Plaintiff's claims are barred under the Restatement (Second) of Torts: Products Liability § 402A and comments thereto and/or the Restatement (Third) of Torts: Products Liability § 4 and comments thereto.

THIRTEENTH DEFENSE

The applicable statute of limitations and/or the doctrine of laches bars plaintiff's claims.

FOURTEENTH DEFENSE

The alleged injuries to the plaintiff, if any, were caused, in whole or in part, by plaintiff's own contributory negligence. As a result, damages, if any, must be reduced proportionately.

FIFTEENTH DEFENSE

Wyeth affirmatively pleads Miss. Code Ann. § 85-5-7 (1972).

**SIXTEENTH DEFENSE**

To the extent that the plaintiff's claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Miss. Code Ann. § 11-1-63 (1972).

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred or diminished by the doctrine of assumption of the risk.

**EIGHTEENTH DEFENSE**

To the extent that the plaintiff's claims are based upon any theory providing for liability without proof of causation by Wyeth, they violate Wyeth's rights under the United States Constitution and the Constitution of the State of Mississippi.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred or reduced because of plaintiff's failure to mitigate alleged damages.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred because Wyeth complied with the applicable statutes and with the requirements and regulations of the Food and Drug Administration.

**TWENTY-FIRST DEFENSE**

The conduct of Wyeth and the subject products at all time conformed with the Federal, Drug and Cosmetic Act, and other pertinent federal statutes and regulations. Accordingly, plaintiff's claims are barred, in whole or part, under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and conflict with federal laws, regulations and policies in violation of the Supremacy Clause of the United States Constitution.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because under Mississippi law a jury verdict or a judgment awarding punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards that assure that the award of punitive damages is rational in its imposition and reasonable in amount, which violates Wyeth's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and Article 3, Section 14 of the Constitution of the State of Mississippi.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because due process requires that the standard of liability for determining whether punitive damages are warranted requires that defendants have participated in intentionally malicious conduct or have actual knowledge of malicious conduct, and Mississippi law does not provide such an instruction in violation of Wyeth's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and Article 3, Section 14 of the Constitution of the State of Mississippi.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because Mississippi law permits the application of joint and several liability for punitive damages, which violates Wyeth's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and Article 3, Section 14 of the Constitution of the State of Mississippi.

## TWENTY-FIFTH DEFENSE

With respect to plaintiff's demand for punitive damages, if any, Wyeth specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of BMW of No. America

v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001) and State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003).

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims for breach of implied warranty is barred by reason of the absence of privity of contract between plaintiff and Wyeth.

**TWENTY-SEVENTH DEFENSE**

Any express or implied warranties alleged to have been made by Wyeth were disclaimed.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's fraud and/or misrepresentation claims are barred because plaintiff did not assert the allegations with particularity as required by Rule 9 of the Rules of Civil Procedure.

**TWENTY-NINTH DEFENSE**

Wyeth reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise in the course of the litigation.

**THIRTIETH DEFENSE**

Plaintiff's conspiracy, concert of action, and similar claims or allegations infringe upon Wyeth's right of association, petition, and free speech and expression as protected by the First Amendment to the United States Constitution. Accordingly, these conspiracy, concert of action, and other similar claims or allegations cannot serve as a basis for imposing civil liability or damages upon Wyeth.

**REQUEST FOR JURY TRIAL**

Wyeth requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Wyeth demands that the Complaint against it be dismissed with prejudice with all costs taxed to plaintiff and for such other and further relief as the Court deems appropriate.

THIS, the 16th day of December, 2003.

Respectfully submitted,

Christy D. Jones MB #(3192)
Donna Brown Jacobs MB #(8371)

ATTORNEYS FOR WYETH

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, AmSouth
Post Office Box 22567
Jackson, Mississippi 39225-2567
(601) 948-5711

**CERTIFICATE OF SERVICE**

I, Donna Brown Jacobs, do hereby certify that I have this day forwarded via United States mail, postage prepaid, a true and correct copy of the foregoing document to:

William M. Cunningham, Jr.
Burns, Cunningham, Mackey & Fillingim, P.C.
50 St. Emanuel Street
P.O. Box 1583
Mobile, Alabama 36633

**ATTORNEY FOR PLAINTIFF**

C. Joyce Hall
WATKINS & EAGER
Suite 300 The Emporium Building
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205

**ATTORNEY FOR BAYER CORPORATION**

York Craig, Esq.
Craig, Hester, Luke & Dodson
404 Fontaine Place, Suite 101
Ridgeland, Mississippi 39157

**ATTORNEY FOR PFIZER INC.**

THIS, the 16th day of December, 2003.

DONNA BROWN JACOBS

JACKSON 831383v1